IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF KENTUCKY

CENTRAL DIVISION (LEXINGTON)

Eastern District of Kentucky
FILED
AUG 02 2016
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

TROY LEE MELLOTT,     CASE NO.: 13-CR-00036-DCR

Petitioner,

vs.

UNITED STATES OF AMERICA,

Respondent.

==============================/

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. 2255

TO THE HONORABLE COURT:

COMES NOW, the Petitioner, Troy Lee Mellott, who respectfully moves this Honorable Court to vacate, set aside or correct his underlying sentence of 180 months, pursuant to Title 28, United States Code, Section 2255(f)(2), following the Supreme Court's decisions rendered in Johnson v. United States, 576 U.S. ___, 135 S.Ct. 2551 (2015) and Welch v. United States, 2016 U.S. LEXIS 2451 (April 18, 2016), and avers as follows:

I. BACKGROUND

Petitioner Troy Lee Mellott pleaded guilty to being a

felon in possession of a firearm in violation of 18 U.S.C. 922(g)(1) after he tried to recover his girlfriend's handgun from a pawnshop. During sentencing, the Court found that Mr. Mellott was an armed career criminal, and applied the mandatory minimum sentence of 15 years, pursuant to 18 U.S.C. 924(e)(1). The Court found the requisite three violent felonies under 924(e) by including two Kentucky state court convictions for burglary in 1996 when Mr. Mellott was eighteen years old, and one West Virgnia state court conviction for breaking and entering.

Mr. Mellott objected to the use of the Kentucky convictions as a basis for applying the armed career criminal enhancement, to no avail. Mr. Mellot did not, however, advance a challenge of his West Virgnia convicton.

Mr. Mellott pursued an appeal to the Sixth Circuit Court of Appeals with respect to his Kentucky state court convictions being improperly used to enhance his sentence under 924(e), however, the Sixth Circuit affirmed Mr. Mellott's sentence on March 31, 2014. See United States v. Mellott, 561 Fed. Appx. 446, 2014 U.S. App. LEXIS 6061 (6th Cir. 2014).

The instant Motion to Vacate, Set Aside or Correct Sentence follows, pursuant to 28 U.S.C. 2255.

II. REASONS FOR GRANTING RELIEF UNDER 28 U.S.C. 2255:

Mr. Mellott complains that he is entitled to resentencing, without attribution of the 924(e) enhancement, because his West Virginia conviction for breaking and entering is no longer a "violent felony" under 924(e), therefore

leaving Mr. Mellott with only two predicate convictions insufficient to sustain his 924(e) conviction and sentence.

Federal law makes the possession of a firearm by a convicted felon a crime punishable by a prison term of up to 10 years, 18 U.S.C. 922(g), 924(a)(2), but the Armed Career Criminal Act of 1984 increases that sentence to a mandatory 15 years to life if the offender has three or more prior convictions for a 'serious drug offense' or a 'violent felony', 924(e)(1). Prior to the Supreme Court's decisions in Johnson and Welch, the definition of 'violent felony' included the so-called residual clause, covering any felony that "otherwise involves conduct that presents a serios potential risk of physical injury to another." See 18 U.S.C. 924(e)(2)(B)(ii). In Johnson, however, the Supreme Court held that the residual clause was unconstitutional under the void-for-vagueness doctrine, and therefore, any sentence imposed under this residual clause violates the due process and is thus unconstitutional.

The West Virginia breaking and entering statute under which Mr. Mellott was convicted provides that "[I]f any person shall, at any time, break and enter, or shall enter without breaking, any office, shop, underground coal mine, storehouse, warehouse, banking house or any house or building, other than a dwelling house or outhouse adjoining thereto or occupied therewith, any railroad or traction car, propelled by steam, electricity or otherwise, any steamboat or other boat or vessel, or any commercia, industrial or public utility

property enclosed by a fence, wall or other structure erected with the intent of the property owner of protecting or securing the area within and its contents from unauthorized persons, within the jurisdiction of any county in this state, with intent to commit a felony or any larceny, he or she shall be deemed guilty of a felony and, upon conviction, shall be confined in a state correctional facility not less than one nor more than ten years." See W.Va. Code. Ann. 61-3-12.

The Fourth Circuit has concluded that a conviction under this West Virginia statute constitutes a non-generic burglary, and therefore falls into the category of a "violent felony" solely under the ambit of the residual clause. See United States v. Davis, 689 F.3d 349 (4th Cir. 2012)(citing, United States v. Foster, 662 F.3d 291, 293 (4th Cir. 2011)).

As such, following Johnson, the Supreme Court's decision makes clear that Mr. Mellott's West Virginia conviction for breaking and entering no longer qualifies as a "violent felony", and thus can no longer be relied upon to sustain an enhanced sentence under the Armed Career Criminal Act. It is for this reason that Mr. Mellott respectfully moves this Honorable Court to vacate, set aside or correct his underlying sentence of 180 months, imposed under the Armed Career Criminal Act.

Mr. Mellott proffers, in arguendo, that Johnson applies to his case by virtue of the Supreme Court's most recent decision in Welch, which makes Johnson retroactive to cases such as Mr. Mellott's on collateral review.

III. CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, for all of the foregoing reasons, Mr. Mellott prays this Honorable Court grant the 28 U.S.C. 2255 relief sought herein and enter an Order vacating his underlying sentence of 180 months, and scheduling a resentencing consistent herewith.

By virtue of the underlying Plea Agreement, without the Armed Career Criminal enhancement, Mr. Mellott's sentencing range under the United States Sentencing Guidelines commences with a Base Offense Level of 24 under U.S.S.G. 2K2.1(a)(2), which, when combined with a 2-level increase under U.S.S.G. 2K2.1(b)(4)(A), based on the stolen nature of the firearm, for an Adjusted Offense Level of 26. The Adjusted Offense Level is reduced by 3-levels for Mr. Mellott's timely acceptance of responsibility under U.S.S.G. 3E1.1, for a final Offense Level of 23 and an ultimate sentencing range of 84 months to 105 months imprisonment. Mr. Mellott respectfully prays this Honorable Court impose a sentence of 84 months on resentencing.

Respectfully Submitted,

Troy Lee Mellott
Register No. 16228-032
FCI Estill
P.O. Box 699
Estill, SC 29918

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served upon the Office of the United States Attorney for the Eastern District of Kentucky, Central Division, at Lexington, at 260 West Vine Street, Lexington, Kentucky 40507-1612, by United States Mail, this 14 day of ~~May~~ 2016.
JUNE

Respectfully Certified,

Troy Lee Mellott

Petitioner, pro se