UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:13-CR-00036-DCR-EBA
CIVIL ACTION NO. 16-CV-00285

UNITED STATES OF AMERICA                                              PLAINTIFF


V.            **GOVERNMENT'S RESPONSE TO
              MELLOTT'S MOTION TO VACATE
              PURSUANT TO 28 U.S.C. § 2255**


TROY LEE MELLOTT                                                      DEFENDANT

\* \* \* \* \* \* \* \* \* \*

Pursuant to the Court's order, the United States responds to Mellott's 28 U.S.C. § 2255 motion to vacate. Mellott is entitled to relief because his West Virginia breaking and entering conviction in Case No. 04-F-36 no longer qualifies as a predicate offense for purposes of the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii).

## PROCEDURAL HISTORY

On June 26, 2013, Mellott entered a guilty plea to felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). [R. 1: Indictment; R. 22: Minute Entry for Rearraignment; R. 32: Presentence Investigation Report at ¶ 1.]

Because of a conviction for two counts of second degree burglary in Jessamine County, Kentucky, and a conviction for one count of breaking and entering in Mineral

County, West Virginia, Mellott was determined to be an Armed Career Criminal pursuant to 18 U.S.C. § 924(e).  [R. 12:  Armed Career Criminal Notice; R. 32:  Presentence Report at ¶¶ 1, 32, 35.]  Pursuant to the Armed Career Criminal Act (ACCA) at 18 U.S.C. § 924(e)(1), the statutory maximum penalty for the felon in possession conviction increased from not less than 10 years imprisonment to not less than 15 years imprisonment, nor more than life imprisonment.  *See* 18 U.S.C. § 924(a)(2); 18 U.S.C. § 924(e)(1).

On September 25, 2013, Mellott was sentenced to 180 months imprisonment.  [R. 30:  Judgment.]  On August 3, 2016, Mellott filed his instant motion pursuant to 28 U.S.C. § 2255.  [R. 37:  Motion to Vacate.]

## STANDARD FOR RELIEF UNDER 28 U.S.C. § 2255

To prevail on this § 2255 motion the Defendant must establish:  (1) his conviction resulted from an error of constitutional magnitude; (2) his sentence was imposed outside the statutory limits; or (3) an error of fact or law occurred that was so fundamental as to render the entire proceedings invalid.  *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006); *Mallet v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

## ARGUMENT

### IN LIGHT OF *JOHNSON*, MELLOTT IS ENTITLED TO BE RESENTENCED.

In his motion, Mellott claims that his prior West Virginia conviction for breaking and entering no longer qualifies as a predicate offense for ACCA enhancement in light of

2

the Supreme Court decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). [R. 53: Motion to Vacate at 2-4.] The United States concedes that Mellott's prior breaking and entering conviction no longer qualifies as a predicate offense pursuant to the residual clause of the ACCA at 18 U.S.C. § 924(e)(2)(B)(ii). To be properly classified as an Armed Career Criminal, a defendant must violate 18 U.S.C. § 922(g) and have three previous convictions for either a violent felony or a serious drug offense. 18 U.S.C. § 924(e). A violent felony is defined as "any crime punishable by imprisonment for a term exceeding one year…that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at § 924(e)(2)(B). In *Johnson*, the Supreme Court held that the Armed Career Criminal Act's "otherwise" language, also known as the "residual clause," is vague in every application and therefore, imposing an increased sentence under the residual clause "violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2563.

At the time of Mellott's sentencing hearing, the West Virginia statute for breaking and entering qualified as a "violent felony" under the now defunct residual clause. *United States v. Davis*, 689 F.3d 349, 357-58 (4th Cir. 2012) (internal citations omitted). "A crime counts as 'burglary' under the Act if its elements are the same as, or narrower than, those of the generic offense." *Mathis v. United States*, No. 15-6092, 2016 WL 3434400, at *3 (U.S. June 23, 2016). "But if the crime of conviction covers any more conduct than the generic offense, then it is not an ACCA 'burglary'—even if the

defendant's actual conduct (i.e., the facts of the crime) fits within the generic offense's boundaries." *Id.* Under West Virginia law a person is guilty of felony breaking and entering "if any person shall, at any time, break and enter, or shall enter without breaking any office, shop, underground coal mine, storehouse, warehouse, banking hours or any hours or building, other than a dwelling house or outhouse adjoining thereto or occupied therein, any railroad or traction car, propelled by steam, electricity or otherwise, any steamboat or other boat or vessel, or any commercial, industrial or public utility property enclosed by a fence, wall or other structure erected with the intent of the property owner of protecting or securing the area within and its contents from unauthorized persons within the jurisdiction of any county within this state." W. Va. Code §61-3-12. West Virginia law gives the term "building" a broad meaning. "Besides the ordinary meaning of 'building,' the term 'means any structure, vehicle, watercraft or aircraft . . . .'" Further, the West Virginia breaking and entering statute specifically excludes a dwelling. Based upon *Johnson*, this conviction no longer qualifies.

Mellott's conviction for second-degree burglary, however, still qualifies as a violent felony under the enumerated offenses clause. In order to qualify as a violent felony, Kentucky's second-degree burglary statute must be "the same as, or narrower than, those of the generic offense" enumerated in § 924(e)(2)(B)(ii). *United States v. Brumback*, 614 F. App'x 288, 291 (6th Cir. 2015). A person is convicted of generic burglary for the purpose of the ACCA "if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United*

4

*States*, 495 U.S. 575, 599 (1990).  And under Kentucky law, "[a] person is guilty of burglary in the second degree when, with the intent to commit a crime, he knowingly enters or remains unlawfully in a dwelling."  Ky. Rev. Stat. § 511.030.  Because the Kentucky statute requires that the unlawful entry be into a dwelling, rather than a building or structure, it is actually narrower than the generic definition of burglary.  *See United States v. Jones*, 673 F.3d 497, 504-05 (6th Cir. 2012) (finding similar Tennessee second-degree burglary statute violent felony for ACCA enhancement); *United States v. Brown*, 490 F. App'x 779, 780 (6th Cir. 2012) (relying on *Jones* to find second-degree burglary is enumerated offense under ACCA).  Because Kentucky's second degree burglary is an enumerated offense, *Johnson* had no effect on Mellott's burglary conviction.

## CONCLUSION

Because Mellott's West Virginia breaking and entering conviction no longer qualifies under the residual clause of the ACCA, Mellott is entitled to be resentenced without the ACCA enhancement applied to the felon in possession conviction.

                Respectfully submitted,

                KERRY B. HARVEY
                UNITED STATES ATTORNEY

By:   s/Hydee R. Hawkins
      Assistant United States Attorney
      260 W. Vine Street, Suite 300
      Lexington, Kentucky 40507-1612
      (859) 685-4881
      Hydee.hawkins@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System and mailed a copy to:

Troy Lee Mellott, Pro Se inmate
Reg. No. 16228-032
FCI Estill
P.O. Box 699
Estill, SC 29918

                                         s/ Hydee R. Hawkins
                                         Assistant United States Attorney